The opinion of the Court was delivered by
Evans, J.
The question made in the brief is, whether the-circuit court was in error in deciding that the plaintiffs could not *148 recover, because the defendant, at the time he subscribed for the shares in the company’s stock, did not pay. as directed by the charter, twenty-five dollars in money, (11 Stat. 324) but gave his note payable to the commissioners, and which has since been transferred to the company.
If the defendant had done no more than subscribe for the shares, there would be authority for saying, that a subscription without payment, was a violation of the terms on which the charter was granted, and a fraud on the public. (1 Caine’s Rep. 381; 8 Serg. & R. 219). But in a later case, (16 Serg. & R. 140,) the Court seemed to think the public could redress its wrongs by scire facias or quo warranto, but that the subscribers might be bound. But this case steers clear of this diificulty.— Here the defendant gave his note for the payment and received his receipt for the same, as money. The commissioners reported him as having paid, and he acted by his proxy in organizing the company. In the case above referred to, m 16 Serg &. R. 140, the subscription for a large part of the stock was fictitious, made in the names of persons who paid nothing and had nothing wherewith to pay; the Court held that the defendant, who was a bona fide subscriber, could not be compelled to pay if he had sustained any damage, and had done nothing more than to subscribe; but where he had accepted the charter, and by his own act had put it in operation, he was bound to pay. Now this was precisely what Woodsides did. So that even admitting, (which I am not inclined to do) that the receipt of his note was not such a payment as the charter required, it was a mere irregularity which he has subsequently waived as to himself, by his subsequent conduct. In all other particulars, his case is like the cases of Coleman and Choice, in which the opinion has just been delivered. The nonsuit is set aside and a new trial ordered. A new trial is also ordered in the cases of the same plaintiffs vs. T. Henry Stokes, James M. Sullivan and W. T. M. Austin, which depend on the same principles and the same facts.
Wardlaw and Withers, JJ. concurred.
*149 O’Neall and Whitner, JJ. the first being President and the second Director of the company, did not hear the argument and gave no opinion.

Motion granted.